The opinion of the Court was delivered by
Withers, J.
The magistrate rendered his judgment, (the cause of action in this case,) on the 26th March, 1849 — signed execution 4th June, 1849. The process was lodged with the sheriff on the 17th March, 1853. Four years therefore had not expired before action brought, whether the reckoning be made from the date of the judgment, or the execution.
Does the plea of the statute of limitations avail ?
“ Any execution lawfully issued by any magistrate of this State may be levied at anytime within four years from the date thereof, and not afterwards, unless revived by suit at law.” A. A. 1847, 11 Stat. 433.
No action will be permitted upon a magistrate’s judgment (or execution, if that be the cause of action, and there be any difference between the two,) while the party plaintiff has the benefit of the process which he has obtained from the magistrate. The statute begins to run from the moment the cause of action accrues. It had not accrued to the plaintiff at all when he began this action, (vide Vandiver vs. Hammet, 4 Rich. 509,) and therefore, the statute of limitations had no application whatever. The inadvertence was, that the original cause was supposed to be the cause of action here. A motion for non-suit might have a very close application to the case; that, however, was not made on the Circuit, nor even here — and we are not inclined to interpose it, since we do not know that justice would be thereby advanced. This is enough for the case, and, therefore, all that can be said for the Court, or with any force of authority. Some questions, however, force themselves upon a mind engaged upon the subject.
Considering the Act of 1847, above cited, and our doctrine, *379 that no suit can be brought on a magistrate's deOree, judgment, or execution, until the expiration of four years from the date of the execution, must not the plaintiff have eight years and a day, in any case, to bring such action as this; or, if a magistrate may issue his execution within a year and a day, must he not have nine years and a day, from the rendition of judgment by a magistrate, “ to revive by suit at law,” his execution % Again: The theory is, that a plaintiff shall not harrass a defendant hy multiplying suits and accumulating costs, having one adequate remedy, voluntarily sought, in full force. Yet are no circumstances conceivable where a plaintiff in a magistrate’s execution may be permitted a remedy in the higher jurisdiction anterior to the expiration of the four years ? A writ of attachment may be issued in this State on a judgment in another State, before the expiration of a year and a day from the date of its recovery. Clark & Co. vs. Connor, 2 Strob. 346. A judgment creditor while the judgment is enforceable by execution may levy an attachment on the goods of an absent debtor — a majority of the Court thinking, that this might be done in spite of objection from any quarter, the minority acquiescing because they thought a garnishee could not make the objection; Shooter vs. McDuffie, 5 Rich. 61.
However these matters may be, the present case is not governed by any such considerations; — and the motion to reverse the decree on Circuit is granted, and a new trial ordered.
O’Neall, Wardlaw, Frost, Whitner and Glover, JJ., concurred.

Motion granted.